ACCEPTED
03-14-00594-CV
4312768
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/27/2015 11:55:30 AM
JEFFREY D. KYLE
CLERK

**CASE NO. 03-14-00594-CV**

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/27/2015 11:55:30 AM
JEFFREY D. KYLE
~~Clerk~~

**KEN PAXTON[1], ATTORNEY GENERAL OF TEXAS,**
*Appellant*,

**v.**

**TEXAS DEPARTMENT OF STATE HEALTH SERVICES,**
*Appellee*.

On Appeal from the 353rd District Court of Travis County, Texas
The Honorable Lora Livingston, Presiding

**REPLY BRIEF OF APPELLANT KEN PAXTON,
ATTORNEY GENERAL OF TEXAS**

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal
Counsel

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

KIMBERLY L. FUCHS
Chief, Open Records Litigation

MATTHEW R. ENTSMINGER
State Bar No. 24059723
Assistant Attorney General
Open Records Litigation
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4151
Facsimile: (512) 320-0167

ATTORNEYS FOR APPELLANT KEN
PAXTON, ATTORNEY GENERAL OF TEXAS

February 27, 2015

---

[1] Pursuant to Texas Rule of Appellate Procedure 7.2, the Attorney General substitutes Attorney General Ken Paxton for former Attorney General Greg Abbott.

# TABLE OF CONTENTS

TABLE OF CONTENTS....................................................................................... ii

INDEX OF AUTHORITIES.............................................................................. iii

REPLY ..............................................................................................................1

    I.      DSHS has failed to show any statutory investigative authority outside of subchapter C that was reasonably contemplated by the legislature when creating section 531.1021(g). .......................................................................1

    II.    Section 531.102 does not mandate the creation of a publicly-available "final report" on audits or investigations unrelated to fraud, waste, and abuse in the provision and delivery of all health and human services in the state. .......................................................................................................4

    III.   The legislature has not taken any action to amend section 531.1021(g) to address the Attorney General's interpretation........................................5

CONCLUSION AND PRAYER .........................................................................7

CERTIFICATE OF COMPLIANCE...................................................................8

CERTIFICATE OF SERVICE ...........................................................................9

# INDEX OF AUTHORITIES

## CASE

*Tex. Dep't of Aging and Disability Servs. v. Greg Abbott, Attorney Gen. of Tex.*, No. D-1-GN-11-002989 (353rd Dist. Ct., Travis County, Tex. Jul. 18, 2013) ........6

## STATUTES
### Tex. Gov't Code

§ 531.102(a) ............................................................................................................2, 4

§ 531.102(j) ..................................................................................................................4

§ 531.102(k) .................................................................................................................4

§ 531.008(c)(2) .............................................................................................................3

§ 531.103 ......................................................................................................................2

§ 531.1031 ....................................................................................................................2

§ 531.104 ......................................................................................................................2

§ 531.1021(g) ............................................................................................................1, 5

## RULE

1 Tex. Admin. Code § 371.11(a) .................................................................................3

## ATTORNEY GENERAL LETTER RULINGS[2]

OR2004-08876.................................................................................................................5

OR2012-10072.................................................................................................................6

---

[2] Open records decisions and letter rulings of the Attorney General are available on the internet at: https://www.oag.state.tx.us/open/ogindex.shtml and Westlaw©.

## ATTORNEY GENERAL LETTER RULINGS (continued)

OR2012-19674.................................................................................................6

OR2013-02357.................................................................................................6

OR2013-02732.................................................................................................6

OR2013-04545.................................................................................................6

OR2013-05224.................................................................................................6

OR2013-06264.................................................................................................6

OR2013-08066.................................................................................................6

OR2013-11552.................................................................................................6

OR2013-12119.................................................................................................6

OR2013-14973.................................................................................................6

OR2014-06063.................................................................................................6

OR2014-07711.................................................................................................6

OR2014-13108.................................................................................................6

OR2014-15004.................................................................................................6

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

The Attorney General files this brief in reply to the brief submitted by the Department of State Health Services (DSHS).

**REPLY**

**I. DSHS HAS FAILED TO SHOW ANY STATUTORY INVESTIGATIVE AUTHORITY OUTSIDE OF SUBCHAPTER C THAT WAS REASONABLY CONTEMPLATED BY THE LEGISLATURE WHEN CREATING SECTION 531.1021(g).**

DSHS emphasizes that section 531.1021(g) of the Government Code restricts confidentiality of information and materials subpoenaed or compiled by the Office of the Attorney General to such information gathered "in connection with a Medicaid fraud investigation," while containing no similar restrictive phrasing in relation to OIG investigations. Appellee's Br. at 8–9; *see* Tex. Gov't Code § 531.1021(g). But this phrasing only further supports the Attorney General's position that the legislature clearly contemplated only those investigations conducted under subchapter C ("Medicaid and Other Health and Human Services Fraud and Overcharges") when crafting the limited confidentiality provision contained in section 531.1021(g).

While the Texas Constitution mandates the Office of the Attorney General is responsible for representing the State in all cases in which the State may be a party, subchapter C concerns only those investigations conducted by the Attorney

General's Medicaid fraud enforcement divisions. *See* Tex. Gov't Code §§ 531.103 (authorizing interagency coordination in cases of suspected fraud, waste, or abuse under state Medicaid program or other program administered by the commission or a health and human services agency); 531.1031 (defining "participating agency" in relevant part as "the Medicaid fraud enforcement divisions of the office of the attorney general"); 531.104 (mandating Health and Human Services Commission provide investigative support to Attorney General "in connection with cases under Subchapter B, Chapter 36, Human Resources Code," relating to Medicaid Fraud Prevention). Given the Attorney General's mandated involvement in any number of cases or investigations beyond those contemplated by subchapter C of chapter 531, it is apparent why the legislature explicitly limited the reach of section 531.1021(g) to only those materials subpoenaed or compiled by the Office of the Attorney General "in connection with a Medicaid fraud investigation."

To the extent the OIG might conduct investigations not contemplated by subchapter C, however, it can claim no similar, obvious investigative authority beyond that established by subchapter C and which the legislature might have taken into account in drafting the confidentiality provision in question. Rather, as explained in the Attorney General's brief, the legislature has explicitly set out the duties of the OIG within subchapter C itself, and nowhere else. *See* Tex. Gov't Code § 531.102(a) (OIG responsible for "investigation of fraud, waste, and abuse in the

2

provision and delivery of all health and human services in the state"). DSHS cites to a statute delineating the divisions of the Health and Human Services Commission (HHSC) in support of its claim that the OIG "has been charged with investigating more than just Medicaid fraud": "The executive commissioner shall establish within the commission . . . the office of inspector general to perform fraud and abuse investigation and enforcement functions as provided by Subchapter C and other law." Tex. Gov't Code § 531.008(c)(2); *see* Appellee's Br. at 10. But the Attorney General notes DSHS has not cited to any "other law"—specifically one recognizing the OIG's investigative authority regarding internal personnel matters *not* related to fraud, waste, and abuse in the provision and delivery of all health and human services in the state—of which the legislature might have taken into account when drafting the statutory provision in question. Indeed, even the relevant provision of the Texas Administrative Code states "The [OIG] is responsible for the investigation of fraud and abuse in the provision of health and human services (HHS) in Medicaid and other HHS programs." 1 Tex. Admin. Code § 371.11(a) (HHSC, Medicaid and Other Health and Human Services Fraud and Abuse Program Integrity). Consequently, DSHS has failed to demonstrate that it should be assumed the legislature contemplated other types of investigations OIG might undertake, unrelated to those specifically authorized under subchapter C, when it made confidential materials gathered during an OIG audit or investigation.

**II. SECTION 531.102 DOES NOT MANDATE THE CREATION OF A PUBLICLY-AVAILABLE "FINAL REPORT" ON AUDITS OR INVESTIGATIONS UNRELATED TO FRAUD, WASTE, AND ABUSE IN THE PROVISION AND DELIVERY OF ALL HEALTH AND HUMAN SERVICES IN THE STATE.**

DSHS asserts "[a]ny final report on an OIG audit or investigation is public, pursuant to Section 531.102(k)." Appellee's Br. at 14; *see* Tex. Gov't Code § 531.102(k) ("A final report on an audit or investigation is subject to required disclosure under Chapter 552."). But section 531.102 mandates OIG create a final report only in relation to an audit or investigation conducted under subchapter C: "The [OIG] shall prepare a final report on each audit or investigation conducted *under this section*." Tex. Gov't Code § 531.102(j) (emphasis added). As noted, the section in question relates to investigations of fraud, waste, and abuse in the provision and delivery of all health and human services in the state, but is silent as to investigations of employee misconduct otherwise unrelated to such fraud, waste, or abuse, or as to any other investigation conducted outside the subchapter's authority. Tex. Gov't Code § 531.102(a); *see* Appellant's Br. at 7–9. Contrary to DSHS's claim, this provision does not mandate the release of a final report regarding the types of employee misconduct investigations at issue. Rather, this section offers further support for the Attorney General's contention that the legislature did not

4

contemplate investigations conducted outside of subchapter C in creating section 531.1021(g).[3]

## III. THE LEGISLATURE HAS NOT TAKEN ANY ACTION TO AMEND SECTION 531.1021(g) TO ADDRESS THE ATTORNEY GENERAL'S INTERPRETATION.

DSHS argues at length regarding the legislature's inaction following the previous determination issued by the Attorney General to HHSC in an informal open records letter ruling issued in 2004. Appellee's Br. at 20–26; *see* Tex. Att'y Gen. OR2004-08876, C.R. 62. While the Attorney General concedes this office has previously misapplied section 531.1021(g) to employee misconduct investigations not conducted under subchapter C, the ruling containing the previous determination is not such an example. Rather, as explicitly stated in that ruling, the previous determination was based on HHSC's claim "that the OIG was created 'to prevent, detect and investigate fraud, abuse and waste in state health and human service programs.'" C.R. 62. Accordingly, the text of the previous determination itself would not have put the public or the legislature on notice regarding the application of section 531.1021(g) to employee misconduct investigations not arising under subchapter C.

---

[3] The Attorney General notes the record does not reflect that DSHS has released any "final report" relating to the employee misconduct investigation at issue in this suit.

However, the Attorney General did later issue a number of other informal letter rulings applying the statute to misconduct investigations, without intervention by the legislature. *See* Appellee's Br. at 24. On the other hand, since 2012 the Attorney General has issued numerous letter rulings holding that section 531.1021(g) does *not* apply to information compiled by the OIG when such information is "not related to Medicaid or other health and human services fraud, abuse, or overcharges." *See, e.g.*, Tex. Att'y Gen. OR2012-10072, OR2012-19674, OR2013-02357, OR2013-02732, OR2013-04545, OR2013-05224, OR2013-06264, OR2013-08066, OR2013-11552, OR2013-12119, OR2013-14973, OR2014-06063, OR2014-07711, OR2014-13108, OR2014-15004. But despite the fact the letter ruling at issue in the instant suit was issued in June of 2012, the 83rd Legislature made no attempt to address the Attorney General's interpretation of section 531.1021(g). Further, no bill has thus far been proposed in the current legislative session that would address the Attorney General's application of the statute, despite previous and ongoing litigation over the matter.[4]

---

[4] And beyond the instant suit, these rulings have generated other litigation. *See Tex. Dep't of Aging and Disability Servs. v. Greg Abbott, Attorney Gen. of Tex.*, No. D-1-GN-11-002989 (353rd Dist. Ct., Travis County, Tex. Jul. 18, 2013) (granting summary judgment in favor of the Attorney General); C.R. 123–25. The Department of Aging and Disability Services chose not to appeal that prior ruling and instead sought a different ruling by filing the instant suit.

6

## CONCLUSION AND PRAYER

For the reasons set forth in this reply and in the Attorney General's brief, the Attorney General respectfully asks the Court to reverse the trial court's grant of DSHS's summary judgment motion and render judgment in favor of the Attorney General.

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

KIMBERLY L. FUCHS
Chief, Open Records Litigation

*/s/ Matthew R. Entsminger*
MATTHEW R. ENTSMINGER
State Bar No. 24059723
Assistant Attorney General
Open Records Litigation
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
Telephone:  (512) 475-4151
Facsimile:   (512) 320-0167
matthew.entsminger@texasattorneygeneral.gov

7

## CERTIFICATE OF COMPLIANCE

I certify that the Reply Brief of Appellant Ken Paxton, Attorney General of Texas, submitted complies with Rule 9 of the Texas Rules of Appellate Procedure and the word count of this document is 1,485. The word processing software used to prepare this filing and calculate the word count of the document is Microsoft Word 2013.

Date: February 27, 2015

*/s/ Matthew R. Entsminger*
MATTHEW R. ENTSMINGER
ATTORNEY FOR APPELLANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Reply Brief of

Appellant Ken Paxton, Attorney General of Texas, has been served on February 27,

2015, on the following counsel-of-record via e-service:

Ann Hartley
State Bar No. 09157700
Assistant Attorney General
Financial Litigation, Tax and Charitable Trusts Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:   (512) 936-1313
Facsimile:   (512) 477-2348
ann.hartley@texasattorneygeneral.gov

ATTORNEY FOR APPELLEE


                                        */s/ Matthew R. Entsminger*
                                        MATTHEW R. ENTSMINGER
                                        ATTORNEY FOR APPELLANT

9